AMERICAN FEDERATION OF HOSIERY WORKERS, AN UN-INCORPORATED ASSOCIATION, APPLICANT-APPEL-LEE, v. EAGLE ROCK KNITTING MILLS, INC., RE-SPONDENT-APPELLANT.

Submitted May 4, 1948—Decided July 16, 1948.

Before Justices BODINE and JACOBS.

For the appellant, *Heller & Laiks* (*Aaron Heller* and *Paul DeHagara*).

For the appellee, *Rothbard, Harris & Oxfeld* (*Samuel L. Rothbard, Emil Oxfeld* and *Abraham L. Friedman*).

The opinion of the court was delivered by

BODINE, J. This is a labor dispute. The employer operates a hosiery mill. The appellee was a union of employees working therein. The industry is highly organized. The large manufacturers are associated in a non-profit organization organized under the laws of the State of New York. Appel-

lant, a small manufacturing concern, does not belong to the Manufacturers Association. The union negotiates with the association as to terms and conditions of employment.

The non-associated employers and the union entered into similar agreements in substance to those current and embodied in the National Union Labor Agreement but with necessary changes. The word "employer" is used instead of "member." Where it is desirable to alter the substance of the non-association contract the same is done by supplemental agreement.

In June of 1945, there was a strike in appellant's plant. To settle the strike, appellant and the union entered into a contract. This contract was the non-association version of 1943 National Union Labor Agreement. Before the contract was signed the date was changed to the 26th day of June, 1945. This was initialized by both parties. At the same time, a supplemental contract was executed. The supplemental contract provided, in part, as follows:

"5. Any amendment which may be made to the National Union Labor Agreement which is deemed more beneficial to the employee under said Agreement, the said Union shall have the right to make a demand upon the employer for such amendment. Should any disagreement arise over such demand, the provisions of said Articles of Agreement, E-2, E-3, E-4, as modified herein may be envoked."

On September 28th, 1945, effective as of September 1st, 1945, the union and the Manufacturers Association agreed upon amendments and the terms and condition of the employment in the association's factories. These changes were embodied in revised terms in the 1945 National Union Labor Agreement. The appellant refused to grant its employees the advantages of the changes. The dispute, pursuant to contract, was taken to arbitration and the arbitrator's award was in favor of the union. Neither the appellant nor the union having given the required notice to terminate the contract, it renewed itself on August 31st, 1946, for a period of two years.

Further amendments were made in the terms and conditions of the employment in the association factories, and

these amended terms were embodied in the 1947 National Union Labor Agreement produced in this case. The appellant refused to grant to its employees the benefits of the amended terms. The parties again came before the arbitrator, and on October 7th, 1947, he made the award upon which the present action is based. The appellant refused to comply with the award. The union therefore moved to confirm it. It was confirmed by the Circuit Court. Judge Davidson wrote a very clear opinion in favor of the union. He says in his opinion that there is no substantial dispute of fact. We can find none except a matter of verbiage.

The grounds of appeal are not well founded under the rule laid down in *Hygrade Cut Fabric Co.* v. *United States Stores Corp.*, 105 *N. J. L.* 324, and we could, with propriety, dismiss the appeal but nevertheless we will consider the case.

The decision of the arbitrator was as follows:

"1. The requests of the Union for amendments to its existing Agreement are determined by the Impartial Chairman to represent grievances which are properly presented under the terms of Paragraph 5 of the 'Supplemental Memorandum of Agreement' dated June 26th, 1945, and extended automatically to August 31st, 1948.

"2. The Union's request for increases in wage rates for piece workers and time workers is granted retroactively to August 18th, 1947, as set forth in the body of this Decision.

"3. The Union's requests for payment for five holidays and an increase in insurance premium payments are granted."

Paragraph 5 of the Supplemental Contract entitled the appellant's employees to demand for themselves the benefits of any amendment which might be made to the National Union Labor Agreement which might be more beneficial.

It was the 1943 National Union Labor Agreement which was signed on June 26th, 1945, when the Supplemental Contract was also signed. The parties were referring to the 1943 Agreement. The same questions were presented to the arbitrator on the first reference and ruled in favor of the union, directing the appellant to grant to its employees the additional benefits in the terms of the 1945 National Agreement over the terms of the 1943 National Agreement. Appellant

complied with that award. It is hard to understand how the same question could be raised on this arbitration.

Judge Davidson said:

"A proper interpretation of the contract between applicant and respondent is one which carries out their mutual intention as expressed in the terms thereof. It seems to me beyond dispute that the parties' obvious intention, as consistently expressed over the years, is that respondent's employees should have the benefit of such changes in the National Labor Agreement as they deemed more beneficial * * *."

And in this we think he was correct. We agree with him that whether the National Agreement was amended or a new agreement was made is immaterial, since the parties agreed to be bound by any changes that were made if they were more beneficial to the employees.

Having considered appellant's argument on the merits, we think it is without foundation.

The judgment under appeal is affirmed, with costs.